UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
COLUMBIA ASSET RECOVERY GROUP, )
LLC, )
)   No. C13-2302RSL
            Plaintiff, )
)
     v. )   ORDER DENYING MOTION TO
)   COMPEL AND GRANTING MOTION
PHOENIX PROCESSOR LIMITED )   TO QUASH
PARTNERSHIP, )
)
            Defendant. )
_____)

This matter comes before the Court on "Plaintiff Columbia Asset Recovery Group, LLC's Motion to Compel Discovery" (Dkt. # 1) and defendant's "Cross Motion to Quash" (Dkt. # 8). Plaintiff in the above-captioned matter has filed an action in Maryland seeking to recover on a $1,000,000 Commercial Line of Credit Agreement and Promissory Note which is now in default. <u>Columbia Asset Recovery Group, LLC, v. Kelly</u>, C12-3191PJM (D. Md.). The original borrowers were William D. Phillips, Sr., and Atlantic Frost Holdings, LLC ("AFH"), a Delaware limited liability company. Phillips died in a plane crash in August 2010, and AFH is being or has been dissolved. The original lender, Columbia State Bank, filed a claim against the Phillips Estate in probate and made demand on the guarantor, Timothy Kennedy, for the $1,026,071.94 that was then due and owing under the loan. Rather than pay on the guaranty, Kennedy formed Columbia Asset Recovery Group, LLC ("CARG") to purchase the Bank's interest in the loan for

ORDER DENYING MOTION TO COMPEL
AND GRANTING MOTION TO QUASH

the $1,206,071.94 that was due plus additional amounts sufficient to reimburse the Bank for interest accrued and fees and expenses incurred through the date of the sale. CARG v. Kelly, C12-3191PJM (D. Md.), Dkt. # 2-3. When CARG filed the Maryland action to enforce the original loan agreement, the Estate did not contest the existence of the loan or the default, but rather argued that (a) the debt was discharged and any rights the guarantor and/or CARG may have do not arise under the original loan agreement and (b) equity should prevent Kennedy and his company from recovering because Kennedy intentionally and in breach of his fiduciary duties caused AFH to become unable to satisfy its debt obligations. CARG v. Kelly, C12-3191PJM (D. Md.), Dkt. # 23 and # 29. The Maryland action is scheduled for trial on March 24, 2014.

On November 15, 2013, CARG served a Rule 45 subpoena on Phoenix Processor Limited Partnership ("PPLP") seeking any and all documents or communications relating to:

1. Phillips or the Phillips Estate
2. AFH
3. Atlantic Frost Seafoods, LLC ("AFS")
4. Phillips' ownership interest in PPLP
5. transactions, including loans, between Phillips and PPLP
6. the value of PPLP
7. an option agreement between Phillips and Supreme Alaska Seafoods ("SAS")
8. the transfer of the M/V EXCELLENCE to SAS
9. the sale of Atlantic Joint Venture Seafoods ("AJVS") stock to SAS
10. the assignment of the option agreement between Phillips and SAS to PPLP

Dkt. # 2-1. When PPLP asserted objections based on relevance, overbreadth, undue burden, and

ORDER DENYING MOTION TO COMPEL
AND GRANTING MOTION TO QUASH         -2-

privilege,[1] the parties had a telephone conference to discuss their positions. Both parties agreed that a second conference would be necessary. That conference never occurred, however, and when the parties attempt to resolve outstanding issues via email, it did not go well. CARG implied that it had unsuccessfully attempted to obtain the requested documents from the Estate and demanded that PPLP state whether it had documents responsive to each request and propose a "meaningful middle ground production" that counsel could take back to his client to keep the conversation going. PPLP clearly doubted whether CARG had pursued reasonable options for obtaining the requested documents from the parties in the underlying action and noted that a "middle ground" would be hard to establish when the relevance of the inquiries and their overbreadth had not been addressed.

The parties again concluded that a teleconference would be necessary. PPLP was not available during the two time slots proposed by CARG and therefore made a counterproposal for later in the week with an invitation to suggest an alternative if that would not work. Less than twenty-four hours after his first attempt to schedule a teleconference, CARG's counsel shifted course, stating "We prefer the alternative of you responding to the open issues from our first call. Please do so today. Thank you." PPLP's lengthy response emphasized CARG's obligation to pursue other sources of the information, requested copies of the discovery from the Maryland action, expressed confusion as to why the value of the Estate's interest in PPLP was relevant to the collection action, and eschewed any personal knowledge of the events giving rise to CARG's claim. CARG's counsel responded "Thank you for your response. The solvency of the Estate is at issue given its stated defenses in the District of Maryland case. We will file our motion to compel given this impasse." Dkt. # 9-5 at 10-15. This action was filed on December

---

[1] The Court finds that PPLP's objection based on the failure to tender a witness fee was waived. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998) (Rule 45 requires "the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'").

ORDER DENYING MOTION TO COMPEL
AND GRANTING MOTION TO QUASH           -3-

12, 2013.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding PPLP's objections, CARG's interests in the requested documents, and the potential for compromise. CARG's interests and the scope of its efforts to obtain the information from other sources remained opaque, at best, when it unilaterally ended the conversation and filed its motion to compel. The record shows that PPLP was willing to engage in further dialogue in an effort to reach the elusive "middle ground," and there is reason to believe that a good faith effort to resolve this matter would have resulted in limited disclosures regarding the value of Phillips' interest in PPLP under an appropriate protective order. While CARG boldly declares that it was PPLP that refused to allow "for appropriate follow-up" (Dkt. # 12 at 3), the Court finds that it was CARG that precipitously ended any further opportunity for the parties to explicate their arguments and objections without Court intervention.[2] The motion to compel is therefore denied for failure to comply with Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1).

(2) If the Court were to consider the merits of plaintiff's motion, it would also be denied. CARG argues that the documents requested of PPLP are relevant to the Maryland litigation

---

[2] The Court acknowledges that, at the time the motion to compel was filed, the Maryland action was scheduled to go to trial on February 10, 2014. To the extent CARG needed to conduct discovery regarding the nature and value of the assets claimed by the Phillip's Estate, it was aware of that need since at least January 2013. Dkt. # 2-4. In addition, the discovery deadline in the Maryland action was still six weeks away: spending a few more days attempting to avoid collateral litigation (and complying with the meet and confer obligations) would not have jeopardized the trial date.

ORDER DENYING MOTION TO COMPEL
AND GRANTING MOTION TO QUASH                -4-

because the Estate has relied on an assertion of insolvency to justify its failure to make payments on the Commercial Line of Credit and that CARG must be permitted to test that assertion. While it is true that the Estate, in describing the facts giving rise to the default, states that it faces claims of approximately $25 million (more than five times its assets) and that it was therefore prevented from making payments to Columbia State Bank (Dkt. # 2-4 at 6-7), the assertion of insolvency does not form the basis of any of the Estate's defenses to the collection action. The Estate argues that CARG lacks standing to enforce the loan agreement and/or that Kennedy intentionally and in breach of his fiduciary duties prevented AFH from meeting its debt obligations and that he should not be permitted to use CARG to foist those debts onto the Estate. These arguments can be made regardless of whether the Estate is solvent or not. The Estate's assertion of insolvency has little, if any, bearing on whether it is liable to CARG under the Commercial Line of Credit.

To the extent the Estate's solvency is relevant to any claim or defense asserted in the Maryland litigation, it is relatively unimportant and cannot justify the overbroad and unduly burdensome requests served on PPLP. Both Rule 45(c)(1)[3] and Rule 26(g)(1)(B) impose a duty on litigants to refrain from unreasonably or unduly burdening the person from whom discovery is requested. Mount Hope Church v. Bash Back!, 705 F.3d 418, 425-26 (9th Cir. 2012). Whether a particular burden is undue or unreasonable depends on "the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B)(iii). CARG subpoenaed PPLP because the Estate identified the partnership as an asset during a separate probate proceeding. Despite the on-going litigation between CARG and the Estate, CARG did not seek discovery from the Estate regarding the

---

[3] Rule 45 was amended effective December 1, 2013. The requirement that the party serving the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" is now contained in Rule 45(d)(1).

ORDER DENYING MOTION TO COMPEL
AND GRANTING MOTION TO QUASH            -5-

accounting or otherwise make inquiries regarding how the Estate valued its assets.[4] Rather, CARG issued a subpoena to a non-party seeking documents that span at least seven years and would expose PPLP's dealings not only with Phillips, but also with any company in which Phillips may have had an interest. Only two of the requests are germane to the issue that supposedly prompted the subpoena – namely the current valuation of the Estate's interest in PPLP – and one of them is so broad that it would require PPLP to turn over virtually all of its financial records. CARG has not even attempted to justify the other eight requests.[5]

In its response and reply memoranda, CARG takes the extraordinary position that PPLP must have relevant documents and information in its possession because it seems to know a lot about the Maryland litigation and the Estate's arguments therein. Dkt. # 12 at 2; Dkt. # 18 at 8. This argument borders on the ridiculous. CARG issued a subpoena to a privately-held company which, left unopposed, would have required it to disclose any and all documents that touched on Phillips, AFH, AFS, PPLP's financials, and various corporate reorganizations. Of course PPLP would make some effort to understand what triggered this onslaught and how best to defend itself. When it moved to compel, CARG provided hundreds of pages of documents, and the public records regarding the multiple litigations in which the Estate and Kennedy have been involved provide additional background materials. The fact that PPLP – and the undersigned – have studied these materials and are now conversant with the issues raised in the

---

[4] When information is held by both a party and a non-party, there is generally no reason to foist the burden of production onto the non-party. Arista Records, LLC, v. Lime Group, LLC, 2011 WL 679490, at *2 (W.D. Wash. Feb. 9, 2011).

[5] In its motion to compel, CARG asserts that information regarding PPLP's "involvement or communications with the entities Mr. Phillips conducted business with" is somehow relevant to either (i) the Estate's claim of insolvency or (ii) the Estate's equitable argument that Kennedy should be precluded from seeking to hold the Estate liable because he caused AFH to become unable to satisfy its debt obligations. Dkt. # 1 at 7. No explanation is provided, and the Court is unable to piece together any logical sequence of events or arguments that would make these communications relevant to the underlying debt collection action.

ORDER DENYING MOTION TO COMPEL
AND GRANTING MOTION TO QUASH            -6-

underlying litigation does not give rise to an inference that PPLP possesses information that is relevant or otherwise subject to disclosure.

The Court finds that the subpoena served on PPLP is overbroad and unduly burdensome in its entirety and that most of the requests are not reasonably likely to lead to the discovery of admissible evidence.

For all of the foregoing reasons, CARG's motion to compel is DENIED and PPLP's motion to quash is GRANTED. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendant. PPLP may, within fourteen days of the date of this Order, submit a request for reasonable fees and costs incurred in responding to the subpoena and defending this action.

Dated this 3rd day of March, 2014.

_____
Robert S. Lasnik
United States District Judge