1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

_____
                                                                )
8   COLUMBIA ASSET RECOVERY GROUP,       )
    LLC,                                                       )
9                                                               )        Case No. C13-02302RSL
                                  Plaintiffs,          )
10                                                             )
                             v.                             )
11                                                           )        ORDER GRANTING IN PART
    PHOENIX PROCESSOR LIMITED          )        DEFENDANT'S APPLICATION FOR
12  PARTNERSHIP,                                   )        ATTORNEY'S FEES AND COSTS
                                                              )
13                               Defendant.       )
    _____)

14          This matter comes before the Court on "Defendant's Application for Attorney's Fees and

15   Costs." Dkt. # 26. Having reviewed the pleadings, declarations, and exhibits submitted by the

16   parties, the Court finds as follows:

17          This matter arises from a Rule 45 subpoena issued by plaintiff Columbia Asset Recovery

18   Group, LLC ("CARG") to defendant Phoenix Processor Limited Partnership ("PPLP"), which

19   was not a party to the underlying Maryland litigation. PPLP entered numerous objections to the

20   subpoena, including grounds of relevance, overbreadth, undue burden, and various privileges.

21   Application (Dkt. # 26) at 2. CARG moved to compel compliance with the subpoena after

22   minimal efforts to confer with PPLP. Motion to Compel (Dkt. # 1). In response, PPLP opposed

23   the motion to compel and cross-moved to quash the subpoena. Motion to Quash (Dkt. # 8).

24          This Court denied CARG's motion to compel and granted PPLP's motion to quash for

25   two reasons. See Order Denying Motion to Compel and Granting Motion to Quash (Dkt. # 24).

26

ORDER GRANTING IN PART DEFENDANT'S
APPLICATION FOR ATTORNEY'S FEES AND COSTS

First, this Court recognized that CARG failed to comply with the "meet and confer" requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) before unilaterally terminating discussions regarding PPLP's objections, CARG's interests in the requested documents, and any potential to reach an agreement or compromise. Id. at 4. Second, this Court found that the subpoena was "overbroad and unduly burdensome in its entirety and that most of the requests are not reasonably likely to lead to the discovery of admissible evidence." Id. at 7.

PPLP now applies for attorney's fees and costs under Fed. R. Civ. P. 37 and 45. Rule 37(a) imposes a duty on parties seeking to compel discovery to first attempt to confer with the opposing party before seeking court action. If the motion to compel is denied, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). LCR 37(a)(1) imposes a similar duty and allows the court to sanction a party for "failure to confer in good faith."

CARG does not contest the grounds for sanctions. Instead, it simply asks that the Court "*reduce* the amount of attorney's fees and costs submitted by PPLP." Response (Dkt. # 28) at 1 (emphasis added). Given this Court's finding that "the subpoena served on PPLP is overbroad and unduly burdensome in its entirety," Order Denying Motion to Compel and Granting Motion to Quash (Dkt. # 24) at 7, and CARG's failure to contest the basis for granting attorney's fees and costs, the Court will award reasonable fees and costs. The only issue, then, involves assessing the reasonableness of the amount of costs and fees PPLP requests.

As PPLP points out, CARG does not object to PPLP's request for $478.20 in costs or to PPLP's billing rates. Reply (Dkt. # 29) at 2. Therefore, the Court will award the requested costs and will accept PPLP's billing rates as reasonable and appropriate.

PPLP supports its application for attorney's fees and costs with a spreadsheet showing the

number of hours and activities billed for responding to the subpoena, defending against the

motion to compel, and preparing the motion to quash. <u>See</u> Gephart Declaration (Dkt. # 27).

CARG objects to ten of PPLP's twenty-eight entries for various reasons.

First, CARG objects to five entries that reference "reviewing," "analyzing," or

"examining" court dockets other than the instant action. Response (Dkt. # 28) at 2. PPLP asserts

that these activities were necessary to respond to the overbroad nature of the subpoena. Reply

(Dkt. # 29) at 2. As this Court noted when denying CARG's motion to compel and quashing the

subpoena, it was reasonable for PPLP to study multiple litigations in order to understand and

defend itself against the broad subpoena. Order Denying Motion to Compel and Granting

Motion to Quash (Dkt. # 24) at 6-7. The Court finds that PPLP is entitled to attorney's fees for

these expenses under Rule 37(a) and LCR 37(a)(1). Where a party fails to confer before filing a

motion to compel and that motion is then denied, the Court must require payment of "reasonable

expenses incurred in opposing the motion" unless that motion was "substantially justified" or the

award of such expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(B). Given this Court's

previous finding that it was reasonable for PPLP to become conversant in multiple litigations in

order to respond to the overbroad subpoena and motion to compel, the Court finds the expenses

incurred for this activity are reasonable. Nor was the motion to compel "substantially justified."

CARG issued a broad and burdensome subpoena, refused to follow up on outstanding issues,

and unilaterally declared an impasse, terminating discussions so that it could file a precipitous

motion to compel. Therefore, the sanctions against CARG should include PPLP's reasonable

expenses incurred in becoming familiar with related litigation.

Second, CARG objects to the manner in which PPLP tracked its activities and fees.

CARG asserts that it is impossible to determine the reasonableness of the fee request for certain

entries that contain a number of tasks listed in block narrative form, and asks the Court to reduce

the fees to only that amount "reasonably necessary for PPLP to become apprised of the

ORDER GRANTING IN PART DEFENDANT'S
APPLICATION FOR ATTORNEY'S FEES AND COSTS   -3-

1   proceeding in Maryland Federal Court." Response (Dkt. # 28) at 3. However, because the Court

2   has already determined that the time PPLP spent researching other related litigations was

3   reasonable, this argument is rejected.

4          Third, CARG objects to five entries (totaling 12.8 hours or $2,280.00) that include

5   activities associated with the corporate disclosure statement required by LCR 7.1 and the motion

6   for relief from deadline. See Gephart Declaration (Dkt. #27-2) Ex. B at 4 (Entries 25-29). The

7   Court agrees that fees should not be awarded for these activities. Although PPLP claims the

8   corporate disclosure activities were necessary to protect confidentiality interests, Reply (Dkt.

9   # 29) at 4, Rule 45(d)(1) does not apply to "the burdens associated with guarding protected

10  information." Mount Hope Church v. Bash Back!, 705 F.3d 418, 427 (9th Cir. 2012). These

11  activities also were not sufficiently related to "opposing the motion [to compel]" to warrant

12  sanctions under Rule 37(a).

13         Finally, CARG requests that the Court deny PPLP the fees it incurred in bringing its

14  application for fees. The Court agrees that these additional fees are not warranted here. PPLP's

15  claim that "when fees are available to the prevailing party, that party may also be awarded fees

16  on fees" is based upon the bad faith exception. Brown v. Sullivan, 916 F.2d 492, 497 (9th Cir.

17  1990). Here, there is no finding that CARG has acted in bad faith. The additional authorities

18  PPLP cites to support its application for fees related to the motion for fees do not apply to

19  discovery sanctions. See Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963 (9th Cir. 2011)

20  (fees incurred in bringing motions for fees may be available under Arizona Law, 42 U.S.C

21  §§ 1988(b), and 2000e–5(k)); McGrath v. Cnty. of Nev., 67 F.3d 248 (9th Cir. 1995) ("work

22  performed on a motion for fees under [42 U.S.C.] § 1988(b) is compensable"); In re S. Cal.

23  Sunbelt Developers, Inc., 608 F.3d 456, 463 (9th Cir. 2010) (allowing a motion for fees incurred

24  under a bankruptcy fee-shifting provision, 11 U.S.C. § 303). This Court declines to award the

25  $2,136.00 in attorney's fees PPLP incurred in preparing its application for fees.

26

ORDER GRANTING IN PART DEFENDANT'S
APPLICATION FOR ATTORNEY'S FEES AND COSTS    -4-

1    For all of the foregoing reasons, defendants' Application for Attorney's Fees and Costs

2  (Dkt. # 26) is GRANTED in part. Defendant's unopposed application for $478.20 in costs is

3  granted in its entirety. Defendant's request for $18,799.50 in fees is reduced by the fees it

4  incurred for activities associated with corporate disclosure and the motion for relief from

5  deadline ($2,880.00) and the fees it incurred in filing its application for fees ($2,136.00).

6  Plaintiff's counsel shall reimburse defendant for the amount of $14,261.70.

7

8       Dated this 28th day of April, 2014.

9

10

11       Robert S. Lasnik

12       United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART DEFENDANT'S
APPLICATION FOR ATTORNEY'S FEES AND COSTS   -5-